## JOSEPH EVANS *vs.* WILLIAM GREEN.

The statute requiring that contracts " for the sale of lands, tenements, or hereditaments shall be in writing, &c." only operates where a contract has been made for a sale of land. *Held,* that this was not a contract of that character, it being one, in effect, for parties to become jointly interested in a purchase about to be made. *Runnels* v. *Jackson*, 1 How. 358, cited and confirmed.

The contract sought to be enforced is denied by the answer, and the proof must be certain, and such as to leave no doubt that the contract was made creating the trust. *Held,* that the proof in this case does not come up to that standard.

ON appeal from the northern district vice-chancery court at Fulton county ; Hon. Henry Dickinson, vice-chancellor.

In this case the facts are sufficiently stated in the opinion of the court.

*Coopewood, Dowd, & Coopewood,* for appellant.

*Lindsey & Copp,* for appellee.

Mr. Justice FISHER delivered the opinion of the court.

The bill in this case presents this state of facts : That complainant previous to the year 1844, had made an improvement upon a quarter section of public land in Monroe county ; that said land was sold at public sale by the proper officer of the government of the United States, on the 15th of May, 1844 ; that previous to this sale, the complainant and defendant entered into a parol agreement, by which the defendant was to purchase the quarter section of land, and convey thereafter the eighth of land upon which the improvements had been made, upon complainant's paying the defendant one half of the money paid for the purchase of the land, and interest thereon,

Evans *v.* Green.

This statement of the facts is sufficient to present the questions we are called on to decide.

It is insisted by the counsel for the defendant, that this contract is within the operation of the statute of frauds, and cannot be enforced, if sustained by the testimony. The statute says, that a contract for the " sale of land, tenements, or hereditaments, shall be in writing, &c." Hutch. Code, 637. This statute only operates where a contract has been made for the sale of land. The contract in this case was not one of that character. It was a contract in effect for the parties to become jointly interested in a purchase about to be made, in which the defendant was to acquire the title to all the land, and convey one half to the complainant upon payment of the money and interest. This view of the case brings it within the rule laid down in the case of *Runnels* v. *Jackson*, 1 How. 358.

The next question is, whether the contract set forth in the bill is sufficiently established. It is denied by the answer, and we think, upon looking into all the testimony, is not sustained. We have already said that it was competent to prove the trust in this case by the parol evidence. But the proof must be certain, and such as to leave no doubt that a contract was made creating the trust. The proof does not come up to this standard in the present case.

Decree affirmed, and complainant to pay costs.